UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Anthony Roller,  Civil No. 05-1112
  (JRT/FLN)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Bossa Entertainment Corp. and David Blaine,

    Defendants.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's Motion for Default Judgment as to the Complaint [#7]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, this Court recommends Plaintiffs Motion be denied and that the instant case be dismissed.

### I.  BACKGROUND

Plaintiff Christopher Anthony Roller filed the instant complaint against Defendants Bossa Entertainment Corp. and David Blaine on June 7, 2005. Plaintiff attempted to serve Defendants with the Complaint. On September 23, 2005, Plaintiff's summons was returned unexecuted [#3]. A Deputy Sheriff in New York City attempted to serve the Complaint on Defendants at 1325 Avenue of Americas, New York, New York 10019. (See Docket No. 3). The Deputy Sheriff returned the summons unexecuted, stating that he attempted service on August 12, 2005 at 4:07 p.m., but he was informed by Roy Johnson, the building security officer, that there was no listing in the building of either Bossa Entertainment Corp., nor of Mr. David Blaine. (See Docket No. 3.)

On October 3, 2005, Plaintiff made a motion to extend the time for serving David Blaine (See Docket No. 4) and the Court subsequently denied that Motion on October 12, 2005. (See

Docket No. 5.) On November 21, 2005, the Court issued an Order noting that more than 120 days had elapsed since the suit had been filed and no appearance had been made on behalf of Defendants. (See Docket No. 6.) The Court ordered Plaintiff to: (1) notify defense counsel that defense counsel was required to make an appearance or move for an extension of time to do so; (2) to file an application for entry of default unless the required pleading was filed in ten days; or, (3) to advise the Court in writing of any good cause to the contrary. (See Docket No. 6.) In response to the November 21, 2005, Order, Plaintiff filed a Motion for Default Judgment as to the Complaint [#7]. This motion is currently before the Court.

## II.  CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 4(m) states "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m).

Plaintiff filed the present action on June 7, 2005. More than 120 days have elapsed since the filing of the complaint, and no service of the summons and complaint has been made on the Defendants. The Court cannot grant Plaintiff's Motion for Default where Defendants have not even been served with the summons or complaint. Plaintiff was given notice that more than 120 days have elapsed without the service of the summons and complaint to the Defendant. (See Docket No. 6.) Therefore, pursuant to Federal Rule of Civil Procedure Rule 4(m), the Court, on its own initiative, shall dismiss the present suit without prejudice to the Defendants in this action, because Defendants were not served with the summons and complaint within 120 days after the filing of the complaint.

### III.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment be **DENIED** and that the present action be dismissed pursuant to Federal Rule of Civil Procedure Rule 4(m).


DATED: January 26, 2006                             s/ *Franklin L. Noel*
                                                                       FRANKLIN L. NOEL
                                                                       United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 14, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.