# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTOPHER ANTHONY ROLLER, | Civil No. 05-1112 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| BOSSA ENTERTAINMENT CORP., and DAVID BLAINE, | |
| Defendants. | |

Christopher Anthony Roller, 13150 Harriet Avenue South #273, Burnsville, MN 55337, plaintiff *pro se*.

Plaintiff Christopher Anthony Roller claims that defendant David Blaine has been wrongfully using plaintiff's godly powers to perform defendant's magic, and has filed a motion for default judgment. In a Report and Recommendation dated October 13, 2005, United States Magistrate Judge Franklin L. Noel recommended denying Roller's motion for default judgment and dismissing the case. Plaintiff filed an objection to the Report and Recommendation. The Court has conducted a *de novo* review of plaintiff's objection pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b), and for the reasons set forth below, overrules plaintiff's objection and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Roller filed the instant complaint against defendants Bossa Entertainment Corp. and David Blaine on June 7, 2005. Plaintiff attempted to serve defendants with the summons and complaint via a Deputy Sheriff in New York City, however, the Deputy Sheriff returned summons unexecuted, stating that there was no listing for either of the defendants at the building address provided by Roller.[1] On October 3, 2005, Roller moved to extend the time for service, but he offered no reason or explanation why an extension of time would be necessary. The Court denied Roller's motion on October 12, 2005.

On November 21, 2005, the Court issued an Order noting that more than 120 days had elapsed since the suit had been filed and no appearance had been made on behalf of defendants. The Court explicitly stated that if Roller failed to comply with the Order within twenty days after the Order was filed, the case would be dismissed for lack of prosecution.

In response to the November 21, 2005, Order, Roller filed a Motion for Default Judgment as to the Complaint, however, he did not effect service of the summons and complaint on defendants, nor did he otherwise notify defendants or their counsel that they were required to appear. In addition, Roller failed to advise the Court in writing of any good cause why he failed to effect service or otherwise provide notice to defendants or their counsel.

---

[1] *See* Docket No. 3.

## ANALYSIS

Federal Rule of Civil Procedure 4(m) states "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m).

Roller filed the present action on June 7, 2005. More than 120 days have elapsed since the filing of the complaint, and no service of the summons and complaint has been made on the defendants. In the Court's November 21, 2005 Order, Roller was given notice that more than 120 days had elapsed without service of the summons and complaint on defendants, and that his case would be dismissed for failure to prosecute if he failed to effect service and comply with the Order. Further, the Court cannot grant Roller's Motion for Default where defendants have not even been served with the summons or complaint. *See* Fed. R. Civ. P. 12(b)(5); *Printed Media Servs. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.").

In Roller's objection to the Magistrate Judge's report and recommendation that his case be dismissed for failure to prosecute, Roller argues that he served defendants through "public notification" on his web site. Notably, Roller offers no reason or explanation for his failure to comply with the Court's November 21, 2005 Order, or for his failure to comply with the service requirements of Rule 4.

Accordingly, the Court dismisses the present suit without prejudice to the defendants.

- 4 -

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 12] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 11]. Accordingly, **IT IS HEREBY ORDERED** that:

1. The case is **DISMISSED WITHOUT PREJUDICE**; and

2. Plaintiff's Motion for Default Judgment [Docket No. 7] is **DENIED as moot**.

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   June 5, 2006  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge